24CA1776 Peo v Gilbert 07-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1776
City and County of Denver District Court No. 13CR4524
Honorable Karen L. Brody, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jerome C. Gilbert,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Schutz and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 9, 2026

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor General and Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jerome C. Gilbert, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Jerome C. Gilbert, appeals the postconviction court's order denying his most recent postconviction motion. We affirm.

## I.     Background

¶ 2     In 2014, a jury found Gilbert guilty of second degree burglary, first degree criminal trespassing, and theft. The trial court then adjudicated him a habitual criminal based on five habitual criminal counts and sentenced him to forty-eight years in the custody of the Department of Corrections.

¶ 3     On direct appeal, a division of this court affirmed, concluding that Gilbert's sentence was not constitutionally disproportionate. *See People v. Gilbert,* (Colo. App. No. 15CA0174, Apr. 6, 2017) (not published pursuant to C.A.R. 35(e)). The mandate was issued in 2017.

¶ 4     In 2018 and again in 2022, Gilbert filed postconviction motions, both of which the postconviction court properly construed as Crim. P. 35(c) motions. The court denied both motions. Gilbert appealed the first order, and a division of this court affirmed. *See People v. Gilbert,* (Colo. App. No. 20CA0889, July 22, 2021) (not

published pursuant to C.A.R. 35(e)). There is no indication in the record that he appealed the second order.

¶ 5 In 2024, Gilbert filed the postconviction motion at issue, labeling it a Crim. P. 35(a) motion to correct an illegal sentence. He raised three claims: (1) his habitual criminal sentences are unconstitutional because his prior convictions were for offenses committed as a juvenile; (2) he did not receive Crim. P. 11 advisements before entering his guilty pleas in the prior conviction cases, so his pleas were not entered voluntarily, knowingly, or intelligently; and (3) one of his prior convictions — for possession of a schedule II controlled substance — is no longer a felony under current law. He also requested appointment of postconviction counsel to represent him.

¶ 6 The postconviction court summarily denied the motion, holding that: (1) to the extent Gilbert raised a Crim. P. 35(a) illegal sentence claim, his sentences were authorized by the governing statutory scheme in effect at the time he was sentenced; (2) to the extent he raised a Crim. P. 35(a) illegal manner claim, the claim is time barred; and (3) to the extent his claims are properly construed as Crim. P. 35(c) claims, they are barred as successive.

¶ 7     Gilbert appeals this order.

## II.     Standard of Review

¶ 8     We review the summary denial of a postconviction motion de novo.  *See People v. Medina*, 2019 COA 103M, ¶ 4.

## III.     Analysis

¶ 9     Gilbert contends that the postconviction court erred by (1) failing to follow the procedural requirements in Crim. P. 35(c)(3)(V), and (2) rejecting his claim that he did not receive Crim. P. 11 advisements before pleading guilty in the prior conviction cases.  He also raises a new claim, relying on *Erlinger v. United States*, 602 U.S. 821 (2024), that his habitual criminal sentences are unconstitutional because the trial court — not a jury — adjudicated him a habitual criminal.

¶ 10     However, Gilbert does not address the postconviction court's bases for denying his postconviction motion at issue: (1) his sentences were authorized by the governing statutory scheme in effect at the time he was sentenced, (2) any Crim. P. 35(a) illegal manner claim he raised was time barred, and (3) any Crim. P. 35(c) claims he raised were barred as successive.

¶ 11     We need not address the postconviction court's first two bases for denying the motion because we conclude that Gilbert's claims in the motion, and the arguments he raises on appeal, are properly construed as Crim. P. 35(c) claims.  It does not matter that Gilbert framed his claims as Crim. P. 35(a) claims, because "[t]he substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion."  *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).  "Motions under Crim. P. 35(c) are the proper postconviction route in which to challenge convictions or sentences as unconstitutional."  *Id.*  All of Gilbert's claims, both in his postconviction motion and on appeal, are constitutional claims, so they are Crim. P. 35(c) claims.

¶ 12     As the postconviction court determined, his claims are barred as successive because he raised them, or could have raised them, in his first Crim. P. 35(c) motion filed in 2018.  *See* Crim. P. 35(c)(3)(VI), (VII).  His claims are also time barred because he filed his 2024 motion seven years after his convictions and sentences became final in 2017.  *See* § 16-5-402(1), (1.5), C.R.S. 2025; *People v. Ray*, 2025 CO 42M, ¶ 29 (an appellate court may affirm on any ground supported by the record).

4

¶ 13    Nor are we persuaded by Gilbert's argument that the postconviction court failed to comply with the procedural requirements of Crim. P. 35(c)(3)(V) by serving a copy of his postconviction motion on the prosecutor's office without also serving it on the Office of the Public Defender.  But the record indicates that *he* is the one who served his motion on the prosecutor's office.  And the record indicates that the court never proceeded to Crim. P. 35(c)(3)(V); it denied Gilbert's motion under Crim. P. 35(c)(3)(IV), so the procedural requirements of Crim. P. 35(c)(3)(V) are irrelevant here.

¶ 14    As for Gilbert's new claim based on *Erlinger*, we need not consider it because he is raising it for the first time on appeal.  *See People v. Huggins*, 2019 COA 116, ¶¶ 17-18 (explaining that when a defendant fails to raise an issue — whether constitutional or nonconstitutional — in a postconviction motion or during the hearing on that motion, and the postconviction court does not have an opportunity to rule, the issue is not preserved and will not be considered on appeal).

¶ 15    Finally, any other claims that Gilbert raised in his postconviction motion that he has not re-raised on appeal are

deemed abandoned. *See People v. Ortega*, 266 P.3d 424, 428 (Colo. App. 2011).

IV.   Disposition

¶ 16   The order is affirmed.

JUDGE SCHUTZ and JUSTICE MARTINEZ concur.